# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JEREMY R. MCCANDLESS,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER TERMINATING SUPERVISED RELEASE**<br><br>Case No. 2:09CR589DAK<br><br>Judge Dale A. Kimball |

      Defendant Jeremy R. McCandless moves for early termination of supervised release. On March 23, 2011, the court sentenced Defendant to 18 months incarceration and 36-months supervised release. In August 2012, Defendant was released from home confinement and placed on supervised release. Accordingly, his term of supervised release is not scheduled to terminate until August 2015.

      Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's motion for early termination of supervised release does not contain a representation that it is supported by his probation officer. However, the court has contacted his probation officer and learned that his probation officer is fully supportive of the motion. His probation officer stated that Defendant has been exemplary and met all of the requirements of his supervised release. Defendant has been consistently employed since March 2012, and his employer provided a very supportive letter of recommendation. The evidence provided to the court demonstrates that Defendant has taken several steps to change his past behavior. Based on Defendant's conduct, the court finds that an early termination of supervised release is warranted.

Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 8th day of November, 2013.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge